**AAMCO TRANSMISSIONS, INC.**

v.

**William C. SMITH and Cynthia A. Smith, husband and wife.**

**Civ. A. No. 90–6078.**

United States District Court, E.D. Pennsylvania.

Jan. 30, 1991.

Karen A. Von Dreusche, Bala Cynwyd, Pa., for plaintiff.

Robert J. Amelio, Pittsburgh, Pa., for defendants.

### MEMORANDUM

NEWCOMER, District Judge.

This action involves an alleged breach of a franchise agreement. Presently before the Court is defendants' Motion for Pretrial Relief.[1] For the reasons that follow, the Court shall grant said motion.

### I. *Factual Background*

This case arises in the context of a contract dispute between citizens of the Com-

1. Although styled as a Motion for Pre–Trial Relief, the motion is more properly styled as a "Motion To Dismiss, Presenting Defenses of Failure To State a Claim, of Improper Venue, and Lack of Jurisdiction under Rule 12(b)."

monwealth of Pennsylvania. Plaintiff AAMCO Transmissions, Inc. ("ATI") seeks injunctive relief to enjoin the defendants, Smiths, from further use of the trademark and tradename "AAMCO" in the operation of their transmission repair center, as well as treble damages and attorneys fees on the basis that ATI claims it has terminated the Smiths' franchise agreement because: a) the Smiths had breached the franchise agreement by having submitted purchase orders to ATI for warranty work purportedly done at the Smiths' repair center in Allegheny County, Pennsylvania, which work in fact was not done; and b) the Smiths had breached the franchise agreement because they had under-reported the gross receipts earned at the transmission repair center in Allegheny County, Pennsylvania.

ATI contends that its now-declared terminated franchisees, the Smiths, had no further right to the use of the tradename and mark of "AAMCO," and that when they did continue to use said trademark, the trademark laws of the United States were violated. Based upon the "termination," the validity of which will first be in issue before the trier of fact, ATI claims it has been damaged by the Smiths' failure to implement Paragraph 19.1 of the franchise agreement which provision describes the procedures to be followed by the Smiths after termination, which provisions would compel the Smiths to immediately and permanently discontinue the use of the mark "AAMCO" or any other designation that would indicate that the Smiths were now, or ever, an authorized "AAMCO" franchisee.

ATI contends that the Smiths' actions constituted a willful trademark infringement and a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and thus presents a federal question under Section 39 of the Lanham Act, 15 U.S.C. § 1121 (dealing with trademarks infringement), and further, that the Smiths' actions constituted unfair competition. As defendants correctly argue, however, in truth, ATI's action arises from, and necessarily first seeks to resolve, a contract dispute between litigants of the same state. It hap-

pens that there is also an ancillary question, being, whether the franchisor is entitled to relief under the trademark laws or under common law for unfair competition by the Smiths.

## II. *Rule 12(b)(6) Standard*

Fed.R.Civ.P. 12(b)(6) instructs a court to dismiss an action for failure to state a cause of action only if it appears a certainty that no relief could be granted under any set of facts which could be proved. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Because granting such a motion results in a determination of the merits at such an early stage of the plaintiff's case, the trial court "must take all well pleaded allegations as true, construe the complaint in a light most favorable to the plaintiff, and determine whether under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Colburn v. Upper Darby Township*, 838 F.2d 663, 664–65 (3d Cir.1988) (*quoting Estate of Baily by Oare v. County of York*, 768 F.2d 503, 506 (3d Cir.1985)).

## III. *Discussion*

There is no allegation in the complaint that the alleged breaches of contract by the Smiths, which gave rise to the ostensible termination, injured ATI's service mark or tradename. This court has previously held that failure to send weekly reports of gross receipts, to pay franchise fees and rent, and to pay for merchandise ordered and received do not state claims which in any way involve injury to the service mark. *Plum Tree Inc. v. Seligson*, 342 F.Supp. 1084 (E.D.Pa.1972). Furthermore, in the present case, the breaches which gave rise to the termination by ATI, are wholly unrelated to the trademark and tradename "AAMCO". Moreover, there is no allegation that the franchisees defrauded the customers by performing unnecessary services thereby bringing the mark into disrepute. *Plum Tree, supra,* citing *AAMCO v. Hearson*, Civil Action No. 69–2346 (E.D.Pa., May 15, 1970).

In essence, ATI's claims may be expressed as follows: ATI itself was defrauded by the Smiths, who by their alleged

wrongful acts caused ATI to make payments to the Smiths which it otherwise had no obligation to do; the Smiths caused ATI to suffer a loss of profits by the Smiths' failure to accurately report their gross receipts.

■ After careful review, the Court concludes that ATI is foremost attempting to enforce its act of termination, and that this case is in essence a contract dispute which should be brought on a contract theory over which the federal court would have no jurisdiction without diversity of citizenship. *Silverstar Enterprises, Inc. v. Aday*, 537 F.Supp. 236 (S.D.N.Y.1982). In *Silverstar*, the court applied a principle recognized in patent and copyright actions and quoted Judge Friendly in the case of *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 826 (2d Cir. 1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965) with respect to exclusive federal jurisdiction under 28 U.S.C. § 1338:

> ... [T]he federal grant of a patent or copyright has not been thought to infuse with any national interest a dispute as to ownership or contractual enforcement turning on the facts or on ordinary principles of contract law. Indeed, the case for an unexpansive reading of the provision conferring exclusive jurisdiction with respect to patents and copyrights has been especially strong since expansion would entail depriving the state court of any jurisdiction over matters having so little federal significance. (citations omitted).

*Silverstar*, at 241.

Moreover, the *Silverstar* Court noted that:

> Section 1338 applies to trademarks as well as patents and copyrights. Just as the mere existence of a patent or copyright does not confer federal jurisdiction over what is essentially a contract dispute, the mere existence of a trademark in the present case does not establish federal jurisdiction. Because no diversity jurisdiction exists here, Silverstar's 114 trademark claim must be dismissed.

*Id.*

■ 28 U.S.C. § 1338(b), does grant original jurisdiction to any civil action asserting a claim of unfair competition (a non-federal claim) when joined with a substantial and related claim under the trademark laws. The reasons set forth above holding that ATI's claims do not arise under the trademark laws, applies with equal force to the non-federal claim. One only reaches the claim of unfair competition after deciding the contract issues. Accordingly, dismissal of the trademark action (the federal claim) requires dismissal of the unfair competition claim for lack of jurisdiction. *Musher Foundation v. Alba Trading Co.*, 127 F.2d 9 (2d Cir.1942).

ATI cites various cases in its brief in support of the proposition that this court has jurisdiction. Plaintiff's brief ostensibly relies upon a trademark infringement per se rule, and in support thereof cites various cases. However, as defendants correctly note, reliance upon those cases is misplaced because the plaintiff's complaint does not complain of any violation of 15 U.S.C. § 1114, the "infringement" provision, but rather other provisions of the Lanham Act.

Furthermore, the section of the Act upon which ATI relies, Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125 was amended by an amendment to the Lanham Act, Act of Nov. 16, 1988, Pub.L. 100–667, Title I Section 132, 102 Stat. 3946, 15 U.S.C. Section 1125(a), effective one year after Nov. 16, 1988. See Section 136 of Pub.L. 100–667, set out as a note under section 1051 of Title 15. Since the complaint alleges a harm with regard to a repealed law, of no force and effect during the period when the predicate acts were committed, February 7, 1990 and thereafter, ATI has failed to state a claim upon which relief can be granted under the trademark laws, and Count I, ostensibly arising under the trademark laws, must be dismissed. Plaintiff, although having sufficient time to do so, has apparently chosen not to respond to this issue raised by defendants.

■ Finally, ATI relies upon the franchise agreement as granting this court jurisdiction. The jurisdiction of the federal

district courts is limited to that jurisdiction which Congress has conferred by statute. Jurisdiction cannot be conferred by consent of the parties as set forth in their agreement. *Plum Tree*, at 1086.

The court finds that this case is essentially a contract dispute between a franchisee and a franchisor. AAMCO's dispute should be determined by the principles of contract law, as it is the contract that defines the parties' relationship and provides the mechanisms to redress alleged breaches thereto. The Lanham Act, in contrast, establishes marketplace rules governing the conduct of parties not otherwise limited. This is not, ultimately, a case of either the franchisor or the franchisee attempting to protect a trademark from unscrupulous use in the marketplace. Rather, this case involves the alleged breach of a franchise agreement. This court, however, does not have jurisdiction over such a contract dispute without diversity of citizenship. Accordingly, AAMCO's complaint shall be dismissed.

AND IT IS SO ORDERED.