**In re H. Maynard CLARK, Debtor.**

**McDEVITT & STREET COMPANY, Plaintiff,**

**v.**

**HAMMONS/CLARK PARTNERSHIP NO. 1; H. Maynard Clark; W.B. Scott and John Q. Hammons, individually and d/b/a Hammons/Clark Partnership No. 1; and Barclays Bank of North Carolina, Defendants.**

**C–C–91–102–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

April 30, 1991.

---

Robert W. Fuller, Thomas B. Hinson, Robinson Bradshaw & Hinson, P.A., Charlotte, N.C., for McDevitt & Street Co.

Michael G. Adams, Craig T. Lynch, Parker Poe Adams & Bernstein, Charlotte, N.C., for W.B. Scott.

Charles Johnson, Moore & Van Allen, Charlotte, N.C., for John Q. Hammons and Hammons/Clark Partnership No. 1.

Richard M. Mitchell, Mitchell & Rallings, Charlotte, N.C., for H. Maynard Clark.

### ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on Defendant Scott's (hereinafter "Defendant") motion, filed April 9, 1991, for an Order treating a Bankruptcy Court Order as a report to the District Court pursuant to Bankruptcy Rule 9033 or, in the alternative, leave to appeal an Order of the Bankruptcy Court. On April 19, 1991, Plaintiff filed a response to the motion.

The primary issue before the Court is whether the Bankruptcy Court erred on March 26, 1991 when it entered an Order denying Defendant's motions for mandatory abstention, discretionary abstention and remand. Defendant, in arguing that the Bankruptcy Court lacked the authority to rule on these motions, relies primarily on Bankruptcy Rules 5011(b), 9027(e), and 9033. Those Rules prohibit a bankruptcy court from entering a final order regarding motions to abstain or remand. The Rules direct the bankruptcy court to file a report and recommendation for the district court's de novo review.

Plaintiff has responded to the motion by bringing to the Court's attention amended provisions of 28 U.S.C. §§ 1334(c) and 1452(b). These statutes address the abstention and remand issues. Before amendment, the statutes provided that a decision rendered under the statute was "[n]ot reviewable by appeal or otherwise". The effect of this provision was to preclude bankruptcy courts from entering final orders under the section because of their status as non-Article III courts. *See Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (indicating that bankruptcy court can only enter trial orders if there is appellate review in an Article III court). Accordingly, the United States Supreme Court promulgated the aforementioned Bankruptcy Rules relied on by Defendant for the purpose of directing district courts to comply with the decision in *Marathon Pipeline.*

The amended provisions of the statutes provide that decisions under the statutes are "not reviewable by appeal or otherwise by the Court of Appeals ... or by the Supreme Court of the United States...." The amendments, therefore, give the district court review authority over bankruptcy court decisions. The legislative history of the amendments indicate Congress intended to "[a]uthorize bankruptcy judges to enter binding orders in connection with abstention determinations under Title 11 or Title 28 and remand determinations under Title 28, subject to review in the District Court." *See* 136 Cong.Rec. S17580 (October 27, 1990). Moreover, the Second Circuit has recently held that:

> The enactment of this section has thus limited nonreviewability to the court of appeals and the Supreme Court and, by implication, left intact the possibility of district court review of (11 U.S.C.)

§ 305(a) decisions when made by the bankruptcy court. Such Article III review of bankruptcy court decisions removes any constitutional concerns presented by the predecessor section.

*In re Axona Intern. Credit & Commerce Ltd.,* 924 F.2d 31, 35 (2d Cir.1991). Accordingly, the Court believes that the bankruptcy court is now authorized to rule directly on motions to abstain or remand, subject to review by the district court as provided in 28 U.S.C. § 158(a).

The Bankruptcy Rules on which Defendant relies are in conflict with the amended statutes. The Court believes that the statutes take precedent over the rules. *See* 28 U.S.C. § 2075 (the Bankruptcy Rules "[s]hall not abridge, enlarge, or modify any substantive rights").

The Court believes the Bankruptcy Court had the authority to enter the Order at issue. Therefore, the Court will deny Defendant's motion to treat the Order as a report. As to Defendant's motion in the alternative to bring this matter as an interlocutory appeal, the Court believes the best utilization of judicial resources is for Defendant to appeal these matters along with any other issues when a final order is entered by the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). Accordingly, the Court will deny Defendant's motion in the alternative.

No other matters remain concerning the appeal of these matters. Hence, the Court will order the appeal dismissed without prejudice with leave granted to Defendant to raise the issues brought in the appeal with any other relevant issues when the Bankruptcy Court enters a final order.

NOW, THEREFORE, IT IS ORDERED that Defendant's motion for an Order treating a Bankruptcy Court Order as a report to the District Court pursuant to Bankruptcy Rule 9033 or, in the alternative, leave to appeal an Order of the Bankruptcy Court be, and hereby is, DENIED.

This appeal is hereby DISMISSED WITHOUT PREJUDICE with leave granted to Defendant to refile the appeal when the Bankruptcy Court enters a final order in this matter.