### In re PHARMAKINETICS LABORATORIES, INC., Debtor.

### Veleria WILKINS, et vir., Plaintiffs,

### v.

### BOLAR PHARMACEUTICAL CO., INC., et al., Defendants.

No. 90–5–5020–JS.
Adv. No. 91–5438–JS.

United States District Court,
D. Maryland.

April 13, 1992.

Joel I. Sher, Shapiro & Olander, Baltimore, Md., for debtor.

Jerome J. Seidenman, Seidenman & Sutherland, Baltimore, Md., for plaintiffs.

D. Christopher Ohly, Bruce L. Mann, Hazel & Thomas, Baltimore, Md., for defendant, Bolar Pharmaceutical Co., Inc.

Carolyn Griffin, Irwin, Kerr, Green, McDonald & Dexter, Baltimore, Md., for defendant, Mark B. Perkal.

ORDER GRANTING MOTION FOR ABSTENTION AND REMANDING COMPLAINT TO THE CIRCUIT COURT FOR BALTIMORE CITY

SMALKIN, District Judge.

Pursuant to the provisions of Bankruptcy Rules 5011 and 9033, Local District Rule 54, and Local Bankruptcy Rule 40, and based upon the report and recommendation of the United States Bankruptcy Court in the pending matter which this Court adopts, it is

ORDERED that the Motion for Abstention is GRANTED and the instant complaint is hereby REMANDED to the Circuit Court for Baltimore City.

In the United States Bankruptcy Court

For the District of Maryland

Case No. 90–5–5020–JS

(Chapter 11)

Adversary No. 91–5438–JS

In re Pharmakinetics Laboratories, Inc., Debtor

Veleria Wilkins, et vir., Plaintiffs,

vs.

Bolar Pharmaceutical Co., Inc. et al., Defendants.

REPORT AND RECOMMENDATION TO THE U.S. DISTRICT COURT THAT MOTION FOR ABSTENTION BE GRANTED AND THAT COMPLAINT BE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY

JAMES F. SCHNEIDER, Bankruptcy Judge.

FINDINGS OF FACT

1. On November 19, 1990, Pharmakinetics Laboratories, Inc. filed a voluntary Chapter 11 bankruptcy petition in this Court.

2. On September 30, 1991, the plaintiffs Veleria Wilkins and HarU Wilkins filed the instant complaint and election for jury trial in the Circuit Court for Baltimore City [Case No. 91273024/CL13790] against Bolar Pharmaceutical Co., Inc. Mark B. Perkal and the debtor, Pharmakinetics Laboratories, Inc.

3. The complaint alleges fraud, conspiracy, negligence and breach of express and implied warranties in the testing and F.D.A. approval of drug products and seeks a money judgment against the defendants for personal injuries to the plaintiff,

Veleria Wilkins, caused by the drug Triamterene/Hydrochlorothiazide, which Bolar manufactured and sold to her and which Pharmakinetics and Dr. Perkal, Pharmakinetics' vice president, allegedly falsely and fraudulently tested and approved as a generic bioequivalent to the drug Dyazide.

4. On November 4, 1991, Bolar Pharmaceutical Co., Inc., one of the defendants, removed this complaint to the bankruptcy court by application pursuant to 28 U.S.C. § 1452, alleging that

... The Civil Complaint was filed in violation of the automatic stay provisions of the Bankruptcy Code and should have been filed as a claim in the Pharmakinetics bankruptcy [case]. If the Civil Complaint had been filed as a claim in the Pharmakinetics bankruptcy [case], the rest of the Civil Complaint, including the actions alleged against Bolar Pharmaceutical Co., Inc. would have been properly subject to the jurisdiction of this Court, as a case "related to" the Pharmakinetics bankruptcy [case], within the meaning of 28 U.S.C. § 1334(b). Accordingly, the Bankruptcy Court would have had original jurisdiction over the Civil Complaint filed by Veleria Wilkins, under 28 U.S.C. § 1334(b), and the removal sought by this Petition [sic] is proper under 28 U.S.C. § 1452(a). The fact that the Civil Complaint was improperly filed in the Circuit Court for Baltimore City does not defeat or alter this conclusion.

Application [P. 1], paragraph 3.

5. On the same day as it filed the application for removal, Bolar Pharmaceutical Co., Inc. filed a motion to strike complaint [P. 2] pursuant to Federal Rules of Civil Procedure 8(a), 8(e) and 12(f).

6. On November 21, 1991, the plaintiffs filed a motion to abstain and to remand [P. 5].

7. On November 26, 1991, Mark B. Perkal filed a motion to dismiss counts VIII through XI [P. 9].

8. On November 13, 1991, the plaintiffs filed a motion for relief from automatic stay against the debtor.

9. The motion to abstain and to remand and the motion for relief from automatic stay came on for hearing on February 7, 1992, at which time this Court indicated that it would grant relief from stay and would recommend to the U.S. District Court that it grant the motion to abstain and to remand.

CONCLUSIONS OF LAW

1. Section 157(b)(2)(B) and (b)(5) of Title 28 provide:

(2) Core proceedings include, but are not limited to — ...

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11 [.] ...

(5) The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(2)(B), (b)(5) (Supp V 1988).

2. Section 1334(c)(1) of Title 28 provides:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1) (Supp V 1988).

3. The instant complaint involves a non-core, related cause of action under Section 157(b)(2)(B), which, while not subject to the mandatory abstention provisions of Section 1334(c)(2), see 28 U.S.C. § 157(b)(4), may be subject to discretionary abstention under Section 1334(c)(1) based upon certain equitable considerations.

4. Equitable considerations peculiar to this case dictate that the U.S. District Court should abstain from exercising jurisdiction over the instant complaint. Among these is the fact that (a) the Maryland Health Claims Arbitration Act, Md.Cts. & Jud.Proc.Code Ann. §§ 3–2A–01 et seq. requires that the portion of the instant complaint relating to Dr. Perkal must be submitted to arbitration before a panel of arbitrators; (b) the debtor is only one of three defendants, neither of the other two being properly within the jurisdiction of either this Court or the U.S. District Court; (c) the plaintiffs have prayed a trial by jury, which this Court has consistently held may not constitutionally be conducted by the bankruptcy court; (d) the automatic stay having been lifted only to the extent of the debtor's insurance coverage, this litigation will have no conceivable impact upon the debtor's estate, and therefore there is no reason to entertain the litigation in this forum.

5. Contrary to the statement of Bolar Pharmaceutical Co., Inc., contained in removal application, this Court finds that the instant case was originally filed properly in the Circuit Court for Baltimore City, at least insofar as the complaint was brought against Bolar and Dr. Perkal. The complaint could not have been filed against them in this Court, absent the inclusion of the debtor as a codefendant. That the complaint was filed in the state Court post-petition in apparent violation of the automatic stay is not dispositive of the motion to remand. This violation has been raised only by Bolar, which, as a non-debtor, is not protected by the automatic stay of Section 362(a) of the Bankruptcy Code and therefore, Bolar has no standing whatsoever to raise the issue of its violation. In other words, the filing of the complaint against Bolar did not violate the automatic stay.

Additionally, there has been no showing either of willfulness on the part of the plaintiffs or damages resulting to the debtor. The violation of the stay in this case appears to have been committed innocently by the plaintiffs whose counsel disclaimed all knowledge of the pendency of the bankruptcy petition. This lack of knowledge is confirmed to the Court's satisfaction by reason of the debtor's acknowledgement that the plaintiffs had filed no proof of claim in this Court before they filed the lawsuit in the state court. Whatever violation of the stay occurred appears to have been only a technical violation, now rendered moot by this Court's decision to modify the automatic stay to permit the litigation to proceed against the debtor in the state court only to the extent of its insurance coverage.

For all these reasons, it is recommended that the U.S. District Court for the District of Maryland abstain from the instant complaint and remand it to the Circuit Court for Baltimore City. A recommended order is annexed to be presented to a district judge pursuant to Bankruptcy Rule 9033.

DATE: March 20, 1992