### In re WEST COAST VIDEO ENTERPRISES, INC., Debtor.

### WEST COAST VIDEO ENTERPRISES, INC., Plaintiff,

### v.

### Edward J. OWENS, Ellen Owens and E & EO, Inc., Defendants.

**Bankruptcy No. 92–11076S.**
**Adv. No. 92–0791S.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 25, 1992.

---

Judith T. Romano, Philadelphia, Pa., for debtor.

Craig R. Tractenberg, Abraham, Pressman & Bauer, Philadelphia, Pa., for defendants.

J. Scott Victor, Philadelphia, Pa., for Official Creditors' Committee.

Liza B. Leidner, Philadelphia, Pa., for Unofficial Creditors' Committee.

Jay Ochroch, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for CoreStates Bank.

Frederic Baker, Ass't. U.S. Trustee, Philadelphia, Pa., U.S. Trustee.

## MEMORANDUM

DAVID A. SCHOLL, Bankruptcy Judge.

Before this court is a Motion of the Defendant-franchisees of the Debtor, a franchisor of a large number of video cassette rental stores, requesting the court to abstain from hearing the above-captioned adversary proceeding, pursuant to 28 U.S.C. §§ 1334(c)(1), (c)(2), and presumably to dismiss it.

The Debtor, which filed the underlying voluntary Chapter 11 bankruptcy case on February 25, 1992, initiated the instant proceeding in this court on August 6, 1992. The Complaint alleges that the Defendants hold three franchises from the Debtor, but have been in default in payment of royalty fees and other charges allegedly due under the parties' franchise agreements since September, 1990. It is also alleged that one of the franchised stores was closed without authority to do so, and that the other two stores continue to improperly operate under the Debtor's name despite termination of their respective franchises. The relief sought is an accounting and payment of all delinquent fees and costs; an injunction preventing the Defendants from continuing to do business under the Debtor's name; and declaratory and monetary relief in light of the Defendants' alleged violations of 11 U.S.C. § 362(a) effected by their above-referenced actions.

Trial of the proceeding was scheduled on September 30, 1992. On September 10, 1992, the Defendants filed an Answer, New Matter, and Counterclaims, alleging that the Debtor made certain significant misrepresentations in "offering circulars" given to the Defendants in connection with one of the stores. They also demanded a jury trial. And, finally, they filed this Motion, supported by a Memorandum of Law. We directed that the Debtor file any Answer and Brief opposing this Motion by September 24, 1992, in order that we could resolve the Motion prior to trial.

■ The Defendants, in their Motion, rely upon both subsections of 28 U.S.C. § 1334(c), which relate to mandatory (§ 1334(c)(2)) and discretionary (§ 1334(c)(1)) abstention. The prerequisites of mandatory abstention were set forth by this court, in *In re Container Transport, Inc.*, 86 B.R. 804, 806 (E.D.Pa.1988), as follows:

> (1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not

have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

As in most matters arising under § 1334(c), the principle issues are whether the movants satisfy the third requirement, *i.e.*, that this is a non-core as opposed to a core proceeding, and the sixth requirement, *i.e.*, that an action has been commenced and can be timely adjudicated in a state court forum.

We discussed the sixth requirement at length in *Container Transport, id.* at 806–07. We concluded therein that "the pendency of a state court proceeding is an absolute prerequisite for invocation of § 1334(c)(2)." *Id.* at 806. The Defendants, in their motion, allege that the Debtor had commenced a similar action in state court prior to its bankruptcy filing, but had voluntarily dismissed this case on May 8, 1992, and "basically refiled" the same suit here on August 6, 1992, as this proceeding.

A comparison of the state court Complaint indicates that the focus of that action was much narrower and less ambitious than the instant proceeding. It merely sought monetary damages in light of the Defendants' breaches of their franchise agreements. However, assuming *arguendo* that the Complaints in that action and the instant proceeding were identical, it is clear that the now-dismissed state court action is no longer "pending" and therefore cannot be "timely adjudicated" in the state court system. Therefore, mandatory abstention is not applicable here.

■ A much closer issue is whether discretionary abstention is appropriate. When a party seeking abstention meets all of the other criteria and comes very close to satisfying the sixth and last criterion for mandatory abstention, discretionary abstention is worthy of strong consideration. *See In re Micro Design, Inc.*, 120 B.R. 363, 368 (E.D.Pa.1990); *In re Joshua Slocum, Ltd.*, 109 B.R. 101, 107 (E.D.Pa.1989); and *In re 123 South Broad St. Corp., Monteverde, Hemphill, Maschmeyer & Obert, P.C. v. 123 South Broad St. Corp.*, Bankr.

No. 92–13588S, Adv. No. 92–0738S, slip op. at 5–6, 1992 WL 237401 (Bankr.E.D.Pa. Sept. 21, 1992).

■ Initially, we must consider whether this proceeding is core or non-core. The Complaint avers that this matter is a core proceeding. The Defendants deny this categorization.

■ The proceeding attacks both pre-petition and post-petition conduct of the Defendants. It seeks both injunctive relief and damages. There is an attempt to characterize the Defendants' actions as violations of the automatic stay. We reject this latter assertion, as we do not believe that the Defendants' actions, which boil down to an assertion of rights contrary to those claimed by the Debtor, are violative of 11 U.S.C. § 362(a). *See In re Golden Distributors, Ltd.,* 128 B.R. 342, 346 (Bankr. S.D.N.Y.1991); *In re Orsa Associates, Inc.,* 99 B.R. 609, 622–23 (Bankr.E.D.Pa.1989); and *In re TM Carlton House Partners, Ltd.,* 93 B.R. 859, 870 (Bankr.E.D.Pa.1988).

Allegations of pre-petition and post-petition breaches of pre-petition contracts were at issue in *Beard v. Braunstein,* 914 F.2d 434, 443–44 (3d Cir.1990). The *Beard* court found the proceeding in issue to be non-core. *Id.* Since this proceeding presents a similar mix of pre-petition and post-petition breaches of pre-petition contracts in a matter too complex to allow this matter to be categorized as a "garden variety accounts receivable proceeding," it appears that it is non-core. *Compare In re A.I.A. Industries, Inc.,* 75 B.R. 1013, 1017–18 (Bankr. E.D.Pa.1987), *with In re Lila, Inc.,* 133 B.R. 588, 590 (Bankr.E.D.Pa.1991); and *In re Windsor Communications Group, Inc.,* 67 B.R. 692 (Bankr.E.D.Pa.1986). *See also In re Shaford Cos.,* 52 B.R. 832, 834–36 (Bankr.D.N.H.1985) (suit by debtor-franchisor against franchisee found to be non-core).

■ Since this proceeding is non-core, the Defendants' jury trial demand would make it impossible for this court to try this proceeding. *Beard, supra,* 914 F.2d at 442–43. We recognize that some of the Debtor's claims are equitable in nature and hence not susceptible to a jury demand. *See In re Brenner,* 119 B.R. 495, 497 (Bankr.E.D.Pa.1990), citing *Granfinanciera v. Nordberg,* 492 U.S. 33, 43–63, 109 S.Ct. 2782, 2790–2800, 106 L.Ed.2d 26 (1989). However, the Defendants have not eliminated their right to a jury trial by filing a proof of claim. *Compare Langenkamp v. Culp,* 498 U.S. 42, ——, 111 S.Ct. 330, 331–32, 112 L.Ed.2d 343 (1990); and *In re Glen Eagle Square, Inc.,* 132 B.R. 106, 111–13 (Bankr.E.D.Pa.), *aff'd,* 132 B.R. 115 (E.D.Pa.1991). An intermingling of issues triable by jury with issues not triable by jury requires that the entire proceeding be tried to a jury, if same is properly demanded. *See In re Numedco, Inc.,* 1991 WL 91092, slip op. at *1 (Bankr.E.D.Pa.1991), citing *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 477–79, 82 S.Ct. 894, 899–900, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 508–11, 79 S.Ct. 948, 955–57, 3 L.Ed.2d 988 (1959); *In re 222 Liberty Associates,* 99 B.R. 639, 645–46 (Bankr.E.D.Pa.1989); and 5 J. MOORE, FEDERAL PRACTICE, ¶ 38.14, 38.16[2], 38.16[4], at 38–149 to 38–158, 38–158 to 38–159, 38–161 to 38–163 (2d ed. 1991). Hence, it appears that this proceeding, if tried, must be tried to a jury.

The fact that a jury trial which this court cannot conduct has been demanded is a factor which this court has considered significant in remanding a proceeding removed to this court to a state court forum from which it was initially removed. *See In re Micro Design, Inc.,* 120 B.R. 363, 368 (E.D.Pa.1990), and cases cited therein. *Accord, In re Pharmakinetics Laboratories, Inc.,* 139 B.R. 350, 353 (D.Md.1992).

However, these results are driven, in part, by the principle that all doubts in determining whether a removed case should be remanded must be resolved in favor of remand. *See Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); and *In re RCS Properties, Inc.,* 1992 WL 22190, slip op. at *2 (Bankr.E.D.Pa.1992). We pointed out, at page 486 *supra,* that there is no pending state court proceeding here. This

is an original proceeding in this court, not a case removed from another court.

█ In considering a motion for discretionary abstention, as opposed to a motion to remand, it must be considered that there is only a "narrow sphere" of cases in which discretionary abstention should be granted under § 1334(c)(1). *See In re United Church of the Ministers of God,* 74 B.R. 271, 278 (Bankr.E.D.Pa.1987). Abstention "is the exception to the rule that federal courts should hear and decide matters properly before them." *Ronix Corp. v. City of Philadelphia,* 82 B.R. 19, 20 (E.D.Pa.1988). Abstention under § 1334(c)(1) is therefore typically reserved for matters in which difficult, uncertain issues of state law or those in which the state has a unique interest are presented, *e.g., In re Stephen Smith Home for the Aged, Inc.,* 80 B.R. 678, 682–87 (E.D.Pa. 1987); the proceeding has been removed from state court and/or there is a parallel state court action pending, *e.g., In re Tidwell Industries, Inc.,* 87 B.R. 345, 348–50 (Bankr.E.D.Pa.1988); the proceeding involves principally claims asserted by or against non-debtors, *e.g., In re Futura Industries, Inc.,* 69 B.R. 831, 835–36 (Bankr. E.D.Pa.1987); or some other truly extraordinary aspect is present. *See 123 South Broad St. Corp., supra* (non-debtor was seeking relief against debtor, which this court held was doubtfully proper in any event). *Cf. Gwynedd Properties, Inc. v. Lower Gwynedd Township,* 970 F.2d 1195, 1199 (3d Cir.1992) ("abstention remains 'the exception, not the rule. "The doctrine of abstention ... is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it....."' *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244 [47 L.Ed.2d 483] (1976) (quoting *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188, 79 S.Ct. 1060, 1063 [3 L.Ed.2d 1163] (1959)). Therefore, '[a]bstention rarely should be invoked.' *Ankenbrandt v. Richards,* [— U.S. ——, ——, 112 S.Ct. 2206, 2215, 119 L.Ed.2d 468 (1992) ].").

The Defendants suggest that two of the foregoing elements exist here, citing cases decided in this district as authority. Firstly, they claim that the decision in *Aamco Transmissions, Inc. v. Smith,* 756 F.Supp. 225 (E.D.Pa.1991), reflects a policy of relegating franchise disputes to the state courts. Secondly, they argue that inconsistent decisions regarding a franchisor's duties to franchisees in *Aamco Transmissions, Inc. v. Harris,* 759 F.Supp. 1141 (E.D.Pa.1991); and *Coxfam, Inc. v. Aamco Transmissions, Inc.,* 1990 WL 131064, 1990 U.S. Dist. LEXIS 11838 (E.D.Pa.1990), suggest that this is an unsettled area of Pennsylvania state law.

We do not agree with these analyses of the foregoing cases. In *Smith,* the court found that the action before it was primarily a state-law fraud case, not a federal trademark-infringement case. Hence, the court found no federal jurisdiction. Of course, none of the litigants were debtors, and therefore the court made no pronouncement regarding the weight of federal bankruptcy-law presence on the state-law issues in question. We fail to find any significant inconsistency in *Harris* and *Coxfam.* Both hold that a franchise relationship is not fiduciary in nature. *Harris, supra,* 759 F.Supp. at 1147; *Coxfam, supra,* 1990 WL 131064 at *6, 1990 U.S. Dist. LEXIS 11838 at *10–*13. Furthermore, the *Harris* claims were substantively based on Washington state law, 759 F.Supp. at 1143, and therefore any discrepancy would not reflect a differing interpretation of Pennsylvania state law. Hence, we conclude that none of the traditional bases for abstention articulated at pages 487–88 *supra* are present to support the exceptional act of our abstaining from hearing this matter.

We therefore find that the only factor supporting abstention is the fact that this proceeding is non-core and, if tried to a jury, the trial would take place in the district court. This is not an insignificant factor in itself. *See, e.g., In re Haugen,* 120 B.R. 124, 127 (D.N.D.1990); *In re Marine Iron & Shipbuilding Co.,* 104 B.R. 976, 988 (D.Minn.1989); and *Shaford Cos., supra,* 52 B.R. at 837. It is certainly true

that the principle of centering litigation in the bankruptcy court is lost if the proceeding must be tried in some other forum, be it the district court or the state courts.

However, we are not prepared to conclude that this factor alone outweighs all of the other considerations against abstention. Dismissal of this proceeding on the basis of abstention would require the Debtor to refile suit against the Defendants for a third time. At this juncture, that process seems wasteful.

We will therefore proceed to deny the Motion. However, our conclusion that this is a non-core proceeding in which a jury trial has been demanded mandates that we refrain from trying this matter here. Rather, we will stay the trial to permit the Defendants to file a motion to withdraw the reference of this proceeding to the district court. In order to expedite that process and measure the Defendants' actual desire for such a proceeding—which will enhance their own costs and possibly delay the prompt attention that we will give this matter—, we will further order that, if the Defendants fail to do so, their right to a jury trial is waived. *See In re Latimer,* 918 F.2d 136, 137 (10th Cir.1990).

We also note another possibility. One of the parties may file a dispositive motion, which this court would, subject to the supervision of the district court, be empowered to decide, as in *In re Lloyd Securities,* 1992 WL 119362, slip op. at *4 (Bankr. E.D.Pa. May 21, 1992) (proceeding ultimately decided on debtor's renewed motion for summary judgment in Report and Recommendations of September 17, 1992). *See also Business Communications, Inc. v. Freeman,* 129 B.R. 165, 166 (N.D.Ill.1991); *In re Adelphi Institute, Inc.,* 112 B.R. 534, 539 (S.D.N.Y.1990); *City Fire Equipment Co. v. Ansul Fire Protection Wormand U.S., Inc.,* 125 B.R. 645, 648–50 (N.D.Ala. 1989) (en banc); and *In re Colbert,* 117 B.R. 51, 54 (Bankr.D.Conn.1990). This court would also be a resource to conduct settlement conferences in this proceeding. *Lloyd, supra,* at *12, *13.

Of course, our role would be determined by the district court. That court could even decide that a motion to abstain received before it would be appropriate to be granted. However, we would prefer that that decision, if it is ultimately made, be made by that court. We note that, per a 1990 legislative amendment, we are empowered to enter a final Order on an abstention motion rather than merely recommend a result to the district court. *See In re Holtzclaw,* 131 B.R. 162, 163 (E.D.Cal. 1991); *In re Clark,* 127 B.R. 351, 352–53 (W.D.N.C.1991); and *In re Westbrook,* 123 B.R. 728, 730 n. 1 (Bankr.E.D.Pa.1991). We will exercise that power, and deny the instant Motion at this juncture.