**154**

In re BIRDSBORO FERROCAST,
INC., Debtor.

BIRDSBORO FERROCAST,
INC., Plaintiff,

v.

SPEDD, INC., Defendant.

Bankruptcy No. 92–21627T.
Adv. No. 92–2239.

United States Bankruptcy Court,
E.D. Pennsylvania.

April 12, 1993.

Timothy G. Dietrich, Rhoda, Stoudt & Bradley, Reading, PA, for defendant.

Charles J. Phillips, Phillips & Associates, Wyomissing, PA, for plaintiff-debtor.

### *MEMORANDUM OPINION*

THOMAS M. TWARDOWSKI, Chief Judge.

This matter is before us on a motion by defendant-movant SPEDD, Inc. ("movant") in the alternative for dismissal, abstention, a more definite statement or for summary judgment. For reasons that follow, these motions are DENIED.

## I PROCEDURAL HISTORY

Plaintiff/debtor Birdsboro Ferrocast, Inc. ("debtor") filed an adversary complaint against movant demanding judgment in the amount of $23,000.00, arising out of the sale of a mixer from movant to debtor. The complaint alleges that the mixer had a defect which movant knew or should have known about and that this defect was not discoverable by debtor until after the transaction. Movant responded to the complaint by the timely filing of the motions under consideration here. Both parties have filed supporting affidavits and well-researched briefs.

## II DISCUSSION

### A. *Motion to Dismiss and For a More Definite Statement*

 "In deciding whether a complaint should be dismissed, the allegations of the complaint and all reasonable inferences therefrom must be accepted as true and viewed in the light most favorable to the non-moving party." *John L. Motley Associates, Inc. v. Rumbaugh,* 104 B.R. 683, 685 (Bankr.E.D.Pa.1989). "Dismissal is warranted only if the non-moving party can prove no set of facts in support of his claim that would entitle him to relief." *Motley,* 104 B.R. at 685; *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Applying this standard to the interpretation of debtor's complaint, we find that the complaint sets forth actionable facts, which, if proven, could result in an award of damages. Similarly, the allegations of the complaint withstand the motions for a more definite statement. Federal Rule of Civil Procedure 8, incorporated by Federal Rule of Bankruptcy Procedure 7008, requires a short and plain statement of the claim showing that the pleader is entitled to relief. Debtor's complaint alleges that movant sold debtor a mixer with a material defect and debtor's alleged claim against movant is sufficiently clear from the pleadings.

### B. *Motion for Abstention*

 Movant asserts that this complaint is based upon state law warranty issues and could be dealt with more expeditiously in the Pennsylvania court system. Abstention under 28 U.S.C. § 1334(c)(1) lies in our discretion. We acknowledge that the Pennsylvania state courts have expertise in the application of the Uniform Commercial Code; however, so do we. Judicial economy would be best served if jurisdiction is retained here and the case is permitted to proceed to judgment. Debtor's financial affairs are presently before this court and the complaint herein represents an integral part of those affairs. "It must be considered that there is only a 'narrow sphere' of cases in which discretionary abstention should be granted under § 1334(c)(1)." *In*

*re West Coast Video Enterprises, Inc.,* 145 B.R. 484, 488 (Bankr.E.D.Pa.1992); *In re United Church of the Ministers of God,* 74 B.R. 271, 288 (Bankr.E.D.Pa.1987).

### C. *Motion for Summary Judgment*

 Movant has also requested summary judgment in its favor as a matter of law. To be entitled to this remedy, movant must demonstrate that there is no genuine issue as to any material fact. Federal Rule of Bankruptcy Procedure 7056. "The evidence and all reasonable inferences which may be drawn therefrom must be viewed in the light most favorable to the party opposing the summary judgment motion." *Bouldis v. U.S. Suzuki Motor Corp.,* 711 F.2d 1319, 1324 (6th Cir.1983). In deciding upon such a motion, we are not weighing the evidence to resolve the issues. We are merely examining the evidence in the proceedings before us to determine if any issues of material fact exist which would necessitate a trial. *Rosenthal v. Rizzo,* 555 F.2d 390 (3rd Cir.1977). The complaint and affidavit filed by the debtor raise genuine questions of fact which require a trial. An appropriate order will follow.

### ORDER

AND NOW, this 12th day of April, 1993, it is hereby ORDERED that defendant's motion, in the alternative, for dismissal, abstention, a more definite statement, or for summary judgment is DENIED.