**BERGHOFF RESTAURANT CO., INC.,**
**Plaintiff-Appellant,**

v.

**LEWIS W. BERGHOFF, INC., and Lewis W. Berghoff, Defendants-Appellees.**

**No. 73–1686.**

United States Court of Appeals,
Seventh Circuit.

Argued April 15, 1974.

Decided July 22, 1974.

Rehearing en banc Denied Aug. 16, 1974.

James T. Fitzgibbon, Chicago Ill., for plaintiff-appellant.

Dennis A. Gross, Anthony R. Chiara, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, PELL and SPRECHER, Circuit Judges.

CUMMINGS, Circuit Judge.

In its 5-count trademark complaint, plaintiff, the operator of the celebrated restaurant at 17 West Adams Street, Chicago, Illinois, sought damages and injunctive relief principally under the Lanham Act (15 U.S.C. § 1114) and the Illinois Anti-Dilution Statute (Ill.Rev. Stats.1973, ch. 140, § 22).

Plaintiff owns federal and state registrations of the "BERGHOFF" mark, which allegedly has become indelibly associated with plaintiff in the minds of the restaurant-going public. After defendants opened a restaurant using the "BERGHOFF" name, plaintiff filed this suit and sought a preliminary injunction.

Defendant Lewis Berghoff was employed by plaintiff in the family restaurant in Chicago until his termination in 1971. Thereafter he built a restaurant in Elgin, Illinois, which opened in May 1972 under the name "Lewis Berghoff Inn." It operates as an Illinois corporation, Lewis W. Berghoff, Inc., the co-defendant; the corporation is wholly owned by the individual defendant.

Defendants' restaurant, which is located 40 miles from plaintiff's restaurant, is modern in décor and architecture, in contrast to the "Old Chicago" atmosphere of plaintiff. Defendants have used the full name, Lewis Berghoff, in connection with the Elgin restaurant. Their newspaper advertising and ménus have carried a small disclaimer of affiliation with plaintiff. At the time of this appeal, the Elgin restaurant was being operated under the name "Lewis Berghoff's Mountain House Restaurant," whereas plaintiff's restaurant operates as "The Berghoff."

The present case was initiated one month after defendants opened the Elgin restaurant. After plaintiff's motion for preliminary injunction was denied, it filed a motion for summary judgment supported by affidavits. Defendants then filed a cross-motion for summary judgment, also supported by affidavits. The district court thereafter issued a memorandum opinion and judgment order granting plaintiff certain injunctive relief. 357 F.Supp. 127. As to the federal and common law trademark claims, the district judge noted the similarity between the last names used in plaintiff's and defendants' restaurants. However, he found that there was no confusing similarity between services rendered by the parties and that they were not truly competing for the same clientele. Citing Benrose Fabrics Corp. v. Rosenstein, 183 F.2d 355 (7th Cir.

1950), the district court held that persons are entitled to use their own names except "when the use is dishonest or fraudulent."

As to the Illinois Anti-Dilution Statute, referring to Polaroid Corporation v. Polaraid, Inc., 319 F.2d 830 (7th Cir. 1963), the district court held that it afforded relief only when the offending mark is other than an individual's name.

While recognizing that plaintiff's goodwill was established through effort and labor and deserving of some consideration despite the fact that defendant's surname was identical, the court noted that the individual defendant had previously contributed to the Berghoff name, thus requiring a delicate balancing of the equities. Instead of affording complete relief to plaintiff, the court fashioned an injunction requiring defendants to use the individual defendant's given name "Lewis" with his surname in operating a restaurant business. "Lewis" was to be in the same size letters as "Berghoff." Except for one billboard and the sign above the Elgin restaurant, defendants were directed to use the disclaimer "Not affiliated with the Berghoff Restaurants of Chicago" in their advertising and on the front of their ménus. The individual defendant was ordered to file a report with the district court 60 days after the entry of the decree showing how compliance was effected.

On appeal, plaintiff urges that the district court erred in ruling that the Illinois Anti-Dilution Statute contained in the Illinois Trademark Act does not apply to the use of surnames as trademarks, thus denying plaintiff an injunction against any use of the mark. Plaintiff argues in the alternative that under the federal trademark statute, "a full and fair hearing" of the merits of its case should have been held, so that it could prove entitlement to an injunction against any use of its mark under federal law as well.

The Illinois Trademark Act, including the so-called Anti-Dilution Statute, expressly applies to surnames. Ill.Rev. Stats.1973, ch. 140, § 8(f). It also requires the registration of a surname mark that has become distinctive of the applicant's goods or services, and continuous use for the preceding five years is evidence of distinctiveness. Ill.Rev. Stats.1973, ch. 140, § 9(e). On surname trademarks generally, see 3 Callmann, Unfair Competition Trademarks and Monopolies (3d ed. 1969), § 85.2; Hat Corp. v. D. L. Davis Corp., 4 F.Supp. 613 (D.Conn.1933).

As to relief under the Anti-Dilution Statute, we are of course bound by Illinois law. Although the statute says that "courts * * * shall * * * enjoin subsequent use" of any similar mark if there exists a likelihood of dilution, the Appellate Court of Illinois has determined in Edgewater Beach Apts. Corp. v. Edgewater Beach Mgt. Co., Inc., 12 Ill.App.3d 526, 534, 299 N.E.2d 548 (1st Dist. 1973), that "Where traditional remedies under theories of unfair competition are available, relief under the [Anti-Dilution] statute should not be granted." Thus in view of the injunctive relief afforded plaintiff under federal law, the district court was within its rights in denying relief under this Illinois statute. Cf. Alberto-Culver Co. v. Andrea Dumon, Inc., 466 F.2d 705, 709 (7th Cir. 1972). Plaintiff has cited no Illinois authority holding that the Anti-Dilution Statute mandatorily requires an injunction against all use of a trade name, such as requested by this plaintiff. Our opinion in Polaroid Corporation v. Polaraid, Inc., 319 F.2d 830, 837, is not contra, for Judge Major emphasized that there plaintiff coined a strong name, exclusively appropriated by plaintiff, with a close resemblance to defendant's trade name, and with numerous incidents of confusion. Such factors are not present here.

As to the Lanham Act, Congress granted the district court "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable * * *." 15 U.S.C. § 1116. The Lan-

ham Act did not require the court below to restrain all use of the "BERGHOFF" name. Although we do not adopt all the reasoning of the district court, the carefully tailored result is supportable on the evidence presented and is akin to the relief fashioned in Horlick's Malted Milk Corp. v. Horlick, 143 F.2d 32, 36–37 (7th Cir. 1944).

■ Plaintiff is not entitled to a remand for further hearing on its federal claim, as requested. While the procedural history of this case is somewhat irregular, plaintiff has no basis for complaint. After a three-day hearing on its motion for preliminary injunction, plaintiff moved to consolidate the trial with the hearing just completed, and stated that "the issues raised by the pleadings, other than those concerning plaintiff's damages, have already been fully litigated * * *." This motion was withdrawn after defendants objected.

Plaintiff then filed a motion for summary judgment on its state claim, stating that its federal claim involved additional issues as to which it would be unnecessary to offer proof if its state claim were granted. Defendants then filed a cross-motion for summary judgment as to all counts of the complaint. Plaintiff moved to strike the cross-motion, repeating its argument that it had not yet become necessary to prove all the elements of its federal claim. Nonetheless, on February 27, 1973, the court entered an order granting defendants leave to file their cross-motion and taking it under advisement. It thereupon became necessary for plaintiff to present affidavits or other evidence demonstrating the existence of a genuine issue for trial if it wished to preserve the right to a further hearing. When a motion for summary judgment is filed, "an adverse party may not rest upon the mere allegations and denials of his pleading," Federal Rule of Civil Procedure 56(e); similarly, plaintiff could not rest on its view that it would have been a more orderly procedure for the court to reserve the federal claim for later consideration. The district judge was in control of his calendar, and plaintiff was bound by his ruling that defendants' motion would be considered at that time. Since the cross-motions were not decided until April 16, 1973, there was ample time to file further affidavits. We think that under all the circumstances of this case, plaintiff is not entitled to present additional evidence as to the relief sought but not granted.

Decree affirmed.