**MOTHER WADDLES PERPETUAL MISSION, INC., et al.,
Plaintiffs,**

v.

**Rick FRAZIER, et al., Defendants.**

No. 95–73000.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 18, 1995.

---

Melvin Hollowell, Detroit, MI, for Plaintiffs.

Gregory J. Reed, Detroit, MI, Lynn H. Shecter, Bloomfield Hills, MI, George E. Bushnell, Jr, Detroit, MI, for Defendants.

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION FILED AUGUST 24, 1995, AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[1] FILED AUGUST 25, 1995**

EDMUNDS, District Judge.

This matter came before the court at a hearing held on August 30 and 31, 1995. For the reasons set forth below, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied and their motion for summary judgment also is denied.

---

1. Defendant's August 25, 1995, motion was erroneously captioned "Motion to Dismiss." It seeks

## I. Facts

Mother Waddles Perpetual Mission, Inc. was founded by Charleszetta "Mother" Waddles. The Mission is a charity which provides food, funds, and other assistance to the poor. Plaintiffs allege in their complaint that the Mission has used the "Mother Waddles" name since 1963, and that the name is well known throughout southeast Michigan.

According to the complaint, in 1992, the Mission contracted with Rick Frazier for the development and operation of a car donation program. As a result, Rick Frazier incorporated the Mother Waddles Car Donation Program, Inc. Rick Frazier operated the Program with his brother, Terry Frazier. The purpose of the Car Donation Program was to accept donated vehicles and then sell them at low prices to the poor. The Program was obligated to pay a portion of its proceeds to the Mission.

In mid–1995, the Mission and Mother Waddles claimed that the Car Donation Program failed to pay the Mission the full sum it was due under the contract, thereby breaching the contract. They also claimed that the Fraziers breached the contract in other ways, including failing to obtain a state license and failing to file certain federal tax forms. On July 24, 1995, the Mission and Mother Waddles terminated the contract with the Fraziers and the Car Donation Program.

As a result, the Mission and Mother Waddles brought this suit against Rick Frazier, Terry Frazier and the Car Donation Program, alleging the following claims in a five count complaint:

1. Declaratory judgment, that the contract was properly terminated and Defendants do not have the right to use the name "Mother Waddles";

2. Invasion of privacy/right to publicity and misappropriation of name;

3. Violation of the Lanham Act, 15 U.S.C. § 1125(a), unfair trade practice and unfair competition;

relief under Federal Rule of Civil Procedure 56(c), summary judgment.

4. Breach of contract; and

5. Accounting.

The complaint alleges that the district court has federal question jurisdiction based on the Lanham Act claim.

On August 24, 1995, Defendants filed a motion to dismiss for lack of subject matter jurisdiction. Defendants contend that this is a state law breach of contract case and not a Lanham Act case and thus there is no federal question jurisdiction. On August 25, 1995, Defendants filed a motion for partial summary judgment, alleging that the trademark was not used in interstate commerce and thus that the Lanham Act does not apply. Thus, Defendants contend that the Lanham Act claim should be dismissed.

## II. Standard of Review

### A. Motion to Dismiss

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) this court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *In re DeLorean Motor Company*, 991 F.2d 1236, 1240 (6th Cir.1993). The complaint must include direct or indirect allegations "respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (citations omitted).

### B. Summary Judgment

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## III. Analysis

### A. Lanham Act Jurisdiction in a Breach of Contract Case

■ Federal question jurisdiction is determined on the face of a well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* at 392,[2] 107 S.Ct. at 2429.

■ The concept that a plaintiff is master of the complaint is further reinforced by federal statute 28 U.S.C. § 1658, which provides for amendment of defective allegations of jurisdiction. If a plaintiff sues in federal court and fails to properly allege a federal claim upon which jurisdiction may be based, he can amend his complaint to set forth the allegations needed for jurisdiction.[3] Amendments for the purpose of correcting allegations of jurisdiction are broadly permitted in order to avoid dismissals on technical grounds. *Miller v. Davis*, 507 F.2d 308, 311 (6th Cir.1974).

The Lanham Act, 15 U.S.C. §§ 1051–1128, provides for federal jurisdiction over trademark actions. "The district and territorial courts of the United States shall have original jurisdiction ... of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack

---

**2.** That is, the party who brings suit is "master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' the patent or other law of the United States by his declaration or bill." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913).

**3.** Liberal amendment of the complaint is also permitted pursuant to Rule 15 of the Federal Rules of Civil Procedure, which provides that leave to amend shall be freely granted when justice so requires.

of diversity of the citizenship of the parties." 15 U.S.C. § 1121. Further, 28 U.S.C. § 1338(a) provides, "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... trademarks."

In trademark, patent, and copyright cases, circumstances often give rise to suits alleging both violation of trademark, patent, and copyright statutes under federal law and breach of contract principles under state law. In a typical lawsuit, the plaintiff is the owner of a trademark who permitted defendant to use the trademark pursuant to a contract. The defendant breached the contract, and the plaintiff revoked the right to use the trademark. The plaintiff claims that he had grounds to revoke because the breach was material and the material breach gave him the right to rescind the contract. The plaintiff then brings suit, alleging a violation of the Lanham Act and breach of contract. Courts disagree about whether federal jurisdiction is found in such a case, i.e., whether a claim asserting infringement as a result of a breach of contract arises under federal law.

■ There is no question but that the mere existence of a trademark, copyright, or patent does not confer jurisdiction over a contract dispute.

> [T]he federal grant of a patent or copyright has not been thought to infuse with any national interest a dispute as to ownership or contractual enforcement turning on the facts or on ordinary principals of contract law.

*T.B. Harms Co. v. Eliscu,* 339 F.2d 823, 826 (2d Cir.1964), *cert. denied,* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965); *accord Silverstar Enterprises, Inc. v. Aday,* 537 F.Supp. 236, 241 (S.D.N.Y.1982) (mere existence of trademark does not establish federal jurisdiction). The disagreement among courts centers around whether to look outside the bare allegations of the complaint to determine jurisdiction. The Sixth Circuit has not addressed this issue.

In *T.B. Harms,* while not faced with precisely the same issue presented here, Judge Friendly set forth the face of the complaint rule to determine whether a suit "arises under" the Copyright Act:

> ... if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction ..., or asserts a claim requiring construction of the Act, ... or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

*Id.* at 828. Under this test, the court examines only the complaint to determine whether the plaintiff's suit arises under federal law. In *T.B. Harms,* the plaintiff did not allege infringement, but instead sought an accounting of profits from joint authorship. The Second Circuit held that under the face of the complaint test, the claim did not arise under the Copyright Act. The court did not face the precise issue presented here, whether a claim asserting infringement as a result of breach of contract arises under federal law. However, in cases which did deal with this precise issue, the Fourth, Fifth, and Eleventh Circuits and certain judges of the Southern District of New York followed the face of the complaint rule. *Sullivan v. Naturalis, Inc.,* 5 F.3d 1410, 1412 n. 2 (11th Cir.1993); *Arthur Young & Co. v. City of Richmond,* 895 F.2d 967, 970–71 (4th Cir. 1990); *Goodman v. Lee,* 815 F.2d 1030, 1031 (5th Cir.1987); *Foxrun Workshop, Ltd. v. Klone Mfg., Inc.,* 686 F.Supp. 86, 90 (S.D.N.Y.1988).

In contrast, some courts follow an "essence of the complaint" test. In *Berger v. Simon & Schuster,* 631 F.Supp. 915 (S.D.N.Y.1986), the court looked beyond the complaint and examined whether the plaintiff wanted to enjoin infringement of his copyrighted work or whether he wanted a declaratory judgment that conditions precedent to revocation of the license had occurred, thereby terminating his publishing contract so that he could publish with another company. Because the plaintiff sought a declaratory judgment, the court held that federal jurisdiction did not exist. The Eighth Circuit and other judges of the Southern District of New York have followed the essence test. *See, e.g., Wooster v. Crane & Co.,* 147 F. 515, 516 (8th Cir.1906); *Felix Cinematografica, S.r.l. v.*

*Penthouse Int'l, Ltd.*, 671 F.Supp. 313, 315 (S.D.N.Y.1987); *Stepdesign, Inc. v. Research Media, Inc.*, 442 F.Supp. 32, 33 (S.D.N.Y. 1977).

To resolve the conflict that had developed among the judges of the Southern District of New York, the Second Circuit Court of Appeals recently adopted a hybrid test. In *Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926 (2d Cir.1992), the court merged the ideas discussed in *T.B. Harms* and *Berger.* The court adopted the following tripartite test:

> A district court must first ascertain whether the plaintiff's infringement claim is only "incidental" to the plaintiff's claim seeking a declaration of ownership or contractual rights under the copyright. If it is determined that the claim is not merely incidental, then a district court must next determine whether the complaint alleges a breach of a condition to, or a covenant of, the contract licensing or assigning the copyright.... [I]f a breach of a condition is alleged, then the district court has subject matter jurisdiction. But if the complaint merely alleges a breach of a contractual covenant in the agreement that licenses or assigns the copyright, then the court must undertake a third step and analyze whether the breach is so material as to create a right of rescission in the grantor. If the breach would create a right of rescission, then the asserted claim arises under the Copyright Act.

*Id.* at 932–33 (citations omitted). The court acknowledged that as a practical matter, steps two and three may assist the court in determining the essence of the complaint under step one. *Id.* at 933. Thus, the court admitted that in practice the three steps may merge into one. Under this approach, affidavits and a hearing may be necessary to determine jurisdiction. *Id.*[4]

Competing policy considerations are behind these opposing points of view. For example, it is critical to determine jurisdiction at the commencement of litigation to avoid a dismissal on jurisdiction grounds af-

ter the parties have engaged in expensive and time consuming discovery. This consideration favors the face of the complaint test. The court in *Foxrun*, 686 F.Supp. at 90 explained:

> It is important to the parties to know from the outset whether the court has subject matter jurisdiction over the case. The view that the federal jurisdiction depends on what is at "the heart of the matter" or by "the fundamental controversy" can leave jurisdiction open to question as the parties conduct discovery and refine issues. Indeed this approach admits a possibility of dismissal at the time of, or even after trial, upon the court's conclusion that the action primarily sought enforcement of contract rights rather than statutory remedies.

*Id.* at 90 (criticizing *Berger* and *Stepdesign*) (citations omitted). In addition, as master of the complaint, a plaintiff should be permitted to specify what law he relies upon in his complaint. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429–30.

On the other hand, substance should govern over form. Further, federal courts have a duty to guard their jurisdiction, to see to it that those who assert federal claims have recourse to federal processes; those who assert only state claims should not be afforded federal question jurisdiction. *Bear Creek Productions, Inc. v. Saleh,* 643 F.Supp. 489, 494 (S.D.N.Y.1986).

Despite the different approaches courts take in analyzing jurisdiction in breach of contract cases involving trademark, copyright, and patent, most courts agree that a dispute merely over royalty payments or the sufficiency of payments under a license agreement does not constitute a federal claim. *T.B. Harms,* 339 F.2d 823 (suit over accounting of profits); *Schoenberg,* 971 F.2d at 933 (citing *Lukasewych v. Wells, Rich, Greene, Inc.,* 747 F.Supp. 1089, 1094 (S.D.N.Y.1990) (suit over sufficiency of payments under license agreement; breach not so material as to create right of rescission));

---

4. The Ninth Circuit also appears to have adopted a hybrid rule. *See, e.g., Topolos v. Caldewey,* 698 F.2d 991, 993–94 (9th Cir.1983).

*Plum Tree, Inc. v. Seligson,* 342 F.Supp. 1084, 1087 (E.D.Pa.1972) (failure to pay franchise fee does not injure trademark).

For example, in *Aamco Transmissions, Inc. v. Smith,* 756 F.Supp. 225 (E.D.Pa.1991), a franchisor of the service mark Aamco brought suit against its franchisee, seeking to enjoin the franchisee from using the mark. The franchisor claimed that it had terminated the franchise agreement because the franchisee had breached the agreement by submitting purchase orders for work that was not in fact done and underreporting gross receipts. The franchisor alleged that its terminated franchisee had no further right to use the name Aamco and that when he continued to use the trademark, he violated the Lanham Act. *Id.* at 226.

The *Aamco* court held that plaintiff brought a breach of contract claim, and that in the absence of diversity, the court lacked jurisdiction. Impliedly following the essence of the complaint rule, the court found that the plaintiff "in essence" claimed that defendant defrauded plaintiff out of funds and that defendant failed to pay plaintiff the appropriate share of profits. *Id.* at 226–27. The court noted that the contract breaches at issue did not involve the trademark and the complaint did not allege any injury to the trademark. For instance, there was no allegation that the franchisees defrauded customers by performing unnecessary services thereby bringing the trademark into disrepute. *Id.* at 226. Like *T.B. Harms, Lukasewych,* and *Plum Tree,* the *Aamco* case involved a dispute merely over consideration due under a contract.

The Fraziers and the Car Donation Program rely on *Aamco* to support their claim that this court does not have Lanham Act jurisdiction. They claim that like the *Aamco* plaintiff, Mother Waddles and her Mission merely seek to recover monies due under a contract. *Aamco,* however, is distinguishable from this case because Plaintiffs' claim encompasses more than just a claim for monies due. Plaintiffs brought suit under section 43(a) of the Lanham Act. This section provides:

(a)(1) Any person who, on or in connection with any goods or services, or any contain-er for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

Plaintiffs claim that because Defendants breached the contract, they properly terminated Defendants' right to use the name "Mother Waddles" as of July 24, 1995. Thus, Defendants' use of the name "Mother Waddles" after that date was unauthorized and was likely to cause confusion or mistake as to the affiliation of the Car Donation Program in violation of section 43(a) of the Lanham Act.

The complaint alleges that Defendants breached the contract by failing to obtain a necessary state license, by failing to file certain federal tax forms, and by failing to pay Plaintiffs the full sum due under the contract. Plaintiffs response to the motion to dismiss expounds upon the complaint's allegation of nonpayment, clarifying what the complaint already implies, that Defendants utilized the funds for their own private benefit. The Mother Waddles Car Donation Program utilizes the goodwill associated with the name "Mother Waddles" to solicit donations, that is, donors expect that their donations inure to the benefit of Mother Waddles and her Mission. Thus, Plaintiffs claim, "Failure to obtain a license and claims of private inurement are disastrous for a charitable organization like the Mother Waddles Perpet-

ual Mission, which must rely on its reputation to solicit donations. Claims of violation of state law, misappropriation and improper private inurement to any organization that bears Mother Waddles' name will directly harm Mother Charleszetta Waddles and her Mission." Response, p. 8.

Defendants misinterpret this claim. They contend that private inurement is merely a factor that the I.R.S. looks at to determine if an organization should be tax exempt. In fact, this claim falls under section 43(a) of the Lanham Act. Using the language of the statute, the Car Donation Program's use of the name "Mother Waddles" is likely to cause confusion to donors regarding the affiliation of the Car Donation Program, i.e., donors expect that their donations inure to the benefit of Mother Waddles and her Mission. Also, the use of the name misrepresents the nature of the Program's commercial activities, i.e., the use of the name implies that the donations are going to Mother Waddles and the Mission. Unlike in the *Aamco* case, Mother Waddles and the Mission claim that the Defendants' improper allocation of funds brings the trademark into disrepute.[5]

Moreover, this court has jurisdiction under each of the tests for determining jurisdiction. First, under the face of the complaint test, the complaint in this action states a Lanham Act claim. As explained above, Defendants' use of the name "Mother Waddles" after Plaintiffs terminated that right was unauthorized and was likely to cause confusion or mistake in violation of the Lanham Act. The complaint also alleges that the Defendants are not properly licensed, have violated federal tax laws, and have not fully paid the Mission monies it is due. This directly implies private inurement, which injures the reputation of the trademark itself.

Second, looking at the "essence of the complaint," the Plaintiffs' response to the motion to dismiss expounds upon the allegation of nonpayment, claiming that Defendants utilized the funds for their own private benefit, thereby damaging the reputation of the trademark itself. A claim of damage to a trademark's reputation is a federal issue. Finally, under the tripartite test advanced in *Schoenberg,* the trademark claim here is not merely incidental, the complaint alleges a breach of the contract licensing the trademark, and the alleged breach is so material as to create a right of rescission. Thus, construing the complaint in the light most favorable to Plaintiffs, Plaintiffs' claim arises under the Lanham Act.

▆▆▆ After the first days' hearing of this issue in court, Defendants offered to stipulate to cease using the Mother Waddles tradename in order to divest the court of federal question jurisdiction. After consideration, the court ruled on the record that such a stipulation would not divest the court of jurisdiction because jurisdiction is determined at the time an action is commenced. *Freeport–McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 428, 111 S.Ct. 858, 859–60, 112 L.Ed.2d 951 (1991). If jurisdiction exists at the time the complaint is filed, it may not be divested by subsequent events such as a change in citizenship of the parties, *id.,* or reduction in amount in controversy below the requisite amount due to dismissal of a claim. *Klepper v. First American Bank,* 916 F.2d 337, 341 (6th Cir.1990). Parties may neither waive nor consent to jurisdiction where it does not exist. *In re Wolverine Radio Co.,* 930 F.2d 1132, 1137–38 (6th Cir.1991), *cert. dismissed,* 503 U.S. 978, 112 S.Ct. 1605, 118 L.Ed.2d 317 (1992).[6]

Similarly, Defendants incorrectly assert that the holding in *Bear Creek Productions, Inc. v. Saleh,* 643 F.Supp. 489 (S.D.N.Y.1986), applies. That case dealt with a dispute over who owned the copyright at issue. Here, the parties agree that Plaintiffs own the trademark.

---

5. Defendants also assert that *Silverstar* and *Shoney's, Inc. v. Schoenbaum,* 686 F.Supp. 554 (E.D.Va.1988), *aff'd,* 894 F.2d 92 (4th Cir.1990) govern this case. In those cases, licensees sought to enforce their rights under contract to utilize a trademark. The *Silverstar* and *Shoney's* courts held that the licensees had a contract right to the trademark, but they were not the trademark holder and thus they had no standing to sue under the Lanham Act. These cases are inapplicable because here Plaintiffs are the owners of the trademark and they have standing to sue under the Lanham Act.

6. "No action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982).

Moreover, while a stipulation to cease using the Mother Waddles tradename might serve to make Plaintiffs' request for an injunction moot, it would not affect the fact that Plaintiffs also claim injury to the trademark itself, a claim that gives rise to federal jurisdiction. Thus, even if Defendants stopped using the tradename, Plaintiffs still had a Lanham Act claim.[7]

### B. Interstate Commerce under the Lanham Act

Defendants also filed a motion for partial summary judgment, alleging that the Lanham Act claim should be dismissed because the Mother Waddles trademark is not used in interstate commerce. Section 43(a) of the Lanham Act prohibits the use of a trademark *in commerce* that is likely to cause confusion or mistake as to affiliation or that misrepresents the nature of the commercial activity. 15 U.S.C. § 1125(a). "In commerce" means all commerce which may be regulated by Congress, i.e., interstate commerce. *Jellibeans, Inc. v. Skating Clubs of Georgia, Inc.*, 716 F.2d 833, 838 (11th Cir.1983); *Berghoff Restaurant Co., Inc. v. Lewis W. Berghoff, Inc.*, 357 F.Supp. 127 (N.D.Ill.1973), *aff'd*, 499 F.2d 1183 (7th Cir. 1974). Purely intrastate disputes do not fall under the Lanham Act. *Jellibeans*, 716 F.2d at 838.

In general, Congress may regulate three broad categories of interstate commerce: 1) the use of channels of interstate commerce; 2) the instrumentalities of, or persons and things in, interstate commerce; and 3) activities substantially affecting interstate commerce. *U.S. v. Lopez*, —— U.S. ——, —— ———, 115 S.Ct. 1624, 1629–30, 131 L.Ed.2d 626 (1995). In a trademark case, the interstate commerce jurisdictional requirement may be met by showing that the infringing mark was used in connection with goods in commerce, or that the defendant's use, while intrastate, substantially affected interstate business. *Schroeder v. Lotito*, 577 F.Supp. 708, 714 (D.R.I.1983). "Interstate advertising is sufficient interstate activity for

Lanham Act purposes." *Berghoff*, 357 F.Supp. at 130 n. 1.

In *Schroeder*, the defendant was sending invitations bearing plaintiff's trademark into interstate commerce and the conduct substantially affected interstate commerce because it affected the business reputation of plaintiff's tradename interstate. *Id.* at 715. In other words, even if the infringer's business is maintained within one state, where the trademark owner's business is interstate and he alleges damage to the mark, the interstate commerce requirement is met. *See Jellibeans*, 716 F.2d at 839.

Plaintiffs have submitted evidence that they have satisfied the interstate commerce requirement under the Lanham Act. Defendants used the name Mother Waddles in interstate commerce when it advertised on radio stations broadcasting outside Michigan to parts of Ohio and Canada. Plaintiffs' Response to Motion for Summary Judgment, Exhibit A. Further, the cars sold by Defendants likely compete with other cars sold in interstate commerce because the cars can be driven to another state and resold there. Because Plaintiffs have presented evidence that Defendants' business substantially affects interstate commerce, Defendants' motion for summary judgment must be denied.

Moreover, the interstate commerce requirement is met due to the nature of Plaintiffs' business. Plaintiffs allege that Defendants' conduct affects the business reputation of the name Mother Waddles, and Plaintiffs submitted evidence that their business extends beyond the borders of Michigan. Plaintiffs' Response to Motion for Summary Judgment, Exhibit B. Accordingly, Defendants' motion for partial summary judgment is denied.

### IV. Conclusion

For the reasons set forth on the record at the hearing on August 30 and 31, 1995, and more fully explained above, the court here by orders as follows:

Defendants' motion to dismiss for lack of subject matter jurisdiction under the Lan-

---

7. Despite the court's retention of jurisdiction in this case, Defendants subsequently agreed to cease to use the name Mother Waddles by a voluntary consent order filed September 1, 1995.

ham Act, filed on August 24, 1995, is DE-NIED; and

Defendants' motion for partial summary judgment for failure to meet the interstate commerce requirement of the Lanham Act, filed on August 25, 1995, (erroneously titled "Motion to Dismiss") also is DENIED.